PFS:df

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6154-CR-DIMITROULEAS



UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAISER AKEL,

    Defendant.

_____/

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The government is in possession of 133 cassette tape recordings containing approximately 1000 conversations regarding court authorized wire interceptions. The government is further in possession of approximately 41 cassette tape recordings corresponding to consensually recorded conversations. One full set of tapes and transcripts will be provided to an attorney designated by counsel for use by all parties.

    2. The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all counsel.

6. Not applicable.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Not applicable.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or

2

otherwise (including the inextricably-intertwined doctrine).

I. The defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. Not applicable.

M. Not applicable.

N. The government will under separate cover, provide notice of summary and expert testimony that it reasonably expects to offer at trial, such testimony will include gambling records analysis and organized crime structure analysis.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

                    Respectfully submitted,

                      THOMAS E. SCOTT
                      UNITED STATES ATTORNEY

By: _____
           PAUL F. SCHWARTZ
           ASSISTANT UNITED STATES ATTORNEY
           Court ID #: A5500086
           500 E. Broward Blvd., 7th Floor
           Fort Lauderdale, Florida  33394
           Telephone: (954) 356-7392
           Facsimile: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this  30  day of  June , 2000 to:

Michael Dutko, Esquire
600 South Andrews Ave., Suite 500
Fort Lauderdale, FL 33301

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

5