UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,
JOSEPH ROTUNNO, KAISER AKEL,
BERT CASKILL, DANIEL MEISEL
AND JEANNE BROOKS,

    Defendants.
_____/



FILED by _____ D.C.

SEP 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant Zarcadoolas' September 11, 2000 Motion to Suppress Wiretap [DE-301], Defendant Rotunno's September 11, 2000 Motion to Suppress Interception of Wire Communications [DE-318], Defendant Akel's September 11, 2000 Motion to Adopt [DE-296], Defendant Caskill's September 11, 2000 Motion to Adopt [DE-294], Defendant Meisel's September 13, 2000 Renewed Motion to Adopt [DE-340], and Defendant Brooks' September 11, 2000 Motion to Adopt [DE-295] and the Court having reviewed the Government's September 19, 2000 Response [DE-343], the Court finds as follows:

1. Deputy Assistant Attorney General Kevin DiGregory authorized the wire intercept and signed the authorization. Any collating error in handling paperwork does not destroy the validity of the authorization. U.S. v. Londen, 66 F. 3d 1227, 1232-33 (1st Cir. 1995).

2. The affidavit in support of the wire intercept was based on probable cause; there was a fair probability that the wiretap would uncover evidence of a crime. U.S. v. Fairchild, 189 F. 3d 769, 775 (8th Cir. 1999). The information was not stale. U.S. v. Diaz, 176 F. 3d 52, 109 (2d Cir.



1999).

3. The affidavit established that normal investigative techniques had failed. Law enforcement officers do not need to exhaust all possible techniques before applying for a wiretap. U.S. v. Thompson, 210 F. 3d 855, 859 (8th Cir. 2000).

4. There is no showing that the wire intercepts were allowed to continue beyond when they should have been terminated.

5. There has been no showing that the calls were not properly minimized. Minimization of nonrelevant conversations must be objectively reasonable in light of the circumstances. Scott v. U.S., 436 U.S. 128, 136-143 (1978); Cleveland v. Goodson, 182 F. 3d 256, 307 (5th Cir. 1999).

6. Evidence of money laundering was properly intercepted as being violative of other authorized predicate offenses. U.S. v. Shields, 999 F. 2d 1090, 1097 (7th Cir. 1993).

7. There has been no adequate showing to warrant this Court's compelling the production of an informant's taped conversations or ten (10) day progress reports or logs of the calls.

8. There has not been a substantial preliminary showing of false information in the affidavit that would destroy the remaining probable cause to warrant a Franks[1] hearing. U.S. v. Milton, 153 F. 3d 891, 896 (8th Cir. 1998).

9. Based upon this Court's ruling, the Court does not reach the Government's contention that Meisel and Brooks are not aggrieved persons under the statute.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

Wherefore, Defendant's Motion to Suppress Wiretap is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _22_ day of September, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Paul Schwartz, AUSA

Michael Hursey, Esquire
One River Plaza, #701
305 S. Andrews Avenue
Ft. Lauderdale, FL 33301

David Vinikoor, Esquire
420 S.E. 12th Street
Ft. Lauderdale, FL 33316

Herb Cohen, Esquire
200 S.E. 6th Street, #200
Ft. Lauderdale, FL 33301

Michael Dutko, Esquire
600 S. Andrews Avenue, #500
Ft. Lauderdale, FL 33301

H. Dohn Williams, Esquire
P.O. Box 1722
Ft. Lauderdale, FL 33301

Dennis Bedard, Esquire
1717 N. Bayshore Drive, #102
Miami, FL 33132